DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-500-FDW
(3:04-cr-55-FDW-DCK-1)

| | |
|---|---|
| FREDERICK L. ENGLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss the § 2255 petition, (Doc. No. 5). Petitioner is represented by Sophia L. Harvey. Petitioner seeks relief on the basis of the Supreme Court's decision in Peugh v. United States, 133 S. Ct. 2072 (2013). For the reasons that follow, the § 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On March 22, 2004, Petitioner Frederick L. Engle was charged by bill of information with tax evasion, in violation of 26 U.S.C. § 7201. (Criminal Case No. 3:04cr55-FDW-DCK-1, Doc. No. 1: Information). Petitioner pled guilty, pursuant to a straight-up plea, to the tax evasion offense on May 10, 2004, and this Court ultimately sentenced Petitioner to four years of probation, entering its judgment on May 4, 2008.[1] (Id., Doc. No. 19: Judgment). The

---

[1] The Court initially sentenced Petitioner on February 21, 2006. The Court sentenced Petitioner to four years of probation, conditioned on confinement for eighteen months in a community corrections center. See Engle, 592 F.3d at 498. The Court directed that Petitioner, while in the community corrections center, would be permitted to travel to China as required by his job. Id. After the Court announced the sentence, the Court learned that the Bureau of Prisons would not

1

Government appealed Petitioner's sentence, and on January 13, 2010, the Fourth Circuit vacated Petitioner's sentence and remanded for resentencing. United States v. Engle, 592 F.3d 495 (4th Cir. 2010). On remand, this Court sentenced Petitioner to 60 months in prison, entering its amended judgment on May 26, 2011. (Criminal Case No. 3:04cr55-FDW-DCK-1, Doc. No. 43: Amended Judgment). Petitioner did not appeal, but over two years later, on September 6, 2013, Petitioner filed a motion to vacate his sentence, arguing that this Court erred in sentencing him based on Sentencing Guidelines that resulted in a higher advisory Sentencing Guidelines range of imprisonment than the Sentencing Guidelines in effect at the time of his offense, in violation of the Supreme Court's decision in Peugh.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

---

permit international travel while Petitioner was housed in a community corrections center. Id. On March 20, 2006, the Court vacated the sentence, ordered resentencing, and stated that Petitioner would be sentenced at a later date. See (Criminal Case No. 3:04cr55-FDW-DCK-1, Doc. No. 13).

2

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final 14 days after entry of the amended judgment dated May 26, 2011. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate more than two years later on September 6, 2013, his motion is untimely under § 2255(f)(1). Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under § 2255(f)(3), which provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that the petition is timely because it was filed within one year of the Supreme Court's decision in Peugh, decided on June 10, 2013. For the following reasons, the Court does not agree.

In Teague v. Lane, the Supreme Court held that "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to all defendants on collateral review through one of . . . two exceptions . . . ." 489 U.S. 288, 316 (1989). Under the first exception, a new, substantive rule of law will be applied retroactively if the rule places an entire category of primary conduct beyond the reach of the criminal law, or if the rule alters the range of conduct or the class of persons that the law punishes. Id. at 311; Shriro v. Summerlin, 542 U.S. 348, 353 (2004). Under the second exception, a new rule of criminal procedure will be applied retroactively "if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty" and that are "watershed rules of criminal procedure." Teague, 489 U.S. at 311 (internal quotations omitted).

The Supreme Court held in Peugh that the Ex Post Facto Clause in the U.S. Constitution is violated "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."[2] 133 S. Ct. at 2078. In Peugh, the Seventh Circuit had held on the defendant's direct appeal that there was no ex post facto violation, and the Supreme Court reversed the Seventh Circuit. Petitioner contends here that that the petition is timely because Peugh is retroactively applicable on collateral review because it is a substantive, new rule of law. Alternatively, Petitioner contends that Peugh is a watershed rule of criminal procedure that applies retroactively on collateral review. Petitioner notes that, under the 1998 Sentencing Guidelines, which were in effect at the time of the offense conduct, Petitioner's

---

[2] The Ex Post Facto Clause prohibits laws that retroactively increase the punishment for criminal acts.

4

guideline range was 17 to 33 months. Petitioner contends, however, that under the 2004 Sentencing Guidelines, Petitioner's guideline range was 41 to 51 months. (Doc. No. 52 at 2-3). Petitioner contends that, under Peugh, using sentencing guidelines that arose after the date of the offense conduct that results in a higher guideline range violates the Ex Post Facto Clause.

This Court finds that Peugh is not retroactively applicable on collateral review, either as a new, substantive rule of law, or as a watershed rule of criminal procedure. First, in Peugh, the Supreme Court did not indicate, either implicitly or explicitly, that it was announcing a new rule of substantive law that applies retroactively on collateral review. Furthermore, the courts that have addressed the retroactivity of Peugh have opined that Peugh is not retroactive on collateral review. See, e.g., Hawkins v. United States, 724 F.3d 915, 917 (7th Cir. 2013) (noting that the Supreme Court in Peugh did not state that the rule it was announcing was to have retroactive effect); United States v. Locke, Civil No. 12-1849(JDB), 2013 WL 5739207, at *8 (D.D.C. Sept. 6, 2013) (noting that "the Supreme Court did not announce in Peugh that its new rule . . . applies [retroactively], and it is unlikely that it will do so"); United States v. Condra, No. 1:05cr50, 2013 WL 4678165, at *2 (W.D. Va. Aug. 30, 2013) (finding no authority to support the retroactivity of Peugh); United States v. Osborn, No. 13c50224, 2013 WL 3795700, at *1 (N.D. Ill. July 19, 2013) ("The Supreme Court did not declare in Peugh that its new rule applies retroactively on collateral review and it is not likely that it will do so.").

As the Government notes in its brief in support of the motion to dismiss, although the Supreme Court in Peugh made clear what edition of the Guidelines should be applied, where the Guidelines have been amended since a defendant's offense to the defendant's detriment, the Peugh decision does not narrow the substantive scope of any criminal statute, either establishing that certain conduct is not criminal or prohibiting a certain class of offenders from receiving a

5

certain level of punishment. The Peugh decision is, therefore, a classic example of a rule of criminal procedure that "merely raises the possibility that someone [sentenced] with the use of the invalidated procedure might have" received a lower sentence. See Summerlin, 542 U.S. at 352.

Contrary to Petitioner's contention, however, Peugh does not constitute a watershed rule of procedure that falls within the exception for retroactive application. As the Government notes, to fall within this limited exception a new rule must meet two requirements: "the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction," and the rule must alter the courts' "understanding of the bedrock procedural elements essential to the fairness of a proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (internal quotation marks omitted). Peugh does not meet these two requirements, as it does not implicate the accuracy of Petitioner's conviction, nor does it alter the courts' understanding of a bedrock procedural element. Here, because Peugh is not retroactively applicable on collateral review, § 2255(f)(3) does not apply to render the § 2255(f)(3) petition timely. Furthermore, Petitioner has not shown that extraordinary circumstances exist to warrant equitable tolling. In sum, for the reasons stated herein, Petitioner's motion to vacate is time-barred.

## IV.  CONCLUSION

In sum, Petitioner's § 2255 motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2. The Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 23, 2014

Frank D. Whitney
Chief United States District Judge